**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MATTHEW R. THOMAS,**

                **Plaintiff,**

   v.                                      **CASE NO. 21-3038-SAC**

**JAY WITT,**

                **Defendant.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se. His fee status is pending. The court has examined the complaint and, for the reasons that follow, directs plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief.

**Nature of the Complaint**

Plaintiff brings this action against his former public defender, alleging he failed to provide constitutionally adequate representation. Plaintiff seeks monetary damages, sentence modification, and disbarment of the defendant.

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a

party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following

those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

## Discussion

Plaintiff's claim seeking damages against defendant Witt under § 1983 fails. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). The Supreme Court has explained, "even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." *Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983).

Next, plaintiff's request to correct his state court sentence cannot be addressed in this action under § 1983. Instead, plaintiff must present this claim in the state courts. If he is unsuccessful,

he then may present his claims in a federal habeas petition filed under 28 U.S.C. § 2254.

Finally, plaintiff's request that the defendant be disbarred is not properly before this court. That matter lies within the purview of the Kansas Supreme Court.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff shall show cause on or before **March 10, 2021,** why this matter should not be dismissed for the reasons discussed herein. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED: This 10th day of February, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge